Mark T. Flewelling (#96465)
mflewelling@afrct.com
Christopher A. Carr (#44444)
ccarr@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN
  CAMPBELL & TRYTTEN, LLP
199 South Los Robles Avenue, Suite 600
Pasadena, CA 91101-2459
(626) 535-1900
(626) 577-7764 (Facsimile)

Attorneys for Defendants WORLD SAVINGS BANK, FSB, renamed and now known as WACHOVIA MORTGAGE, FSB, sued as WORLD SAVINGS, INC. and GOLDEN WEST SAVINGS ASSOCIATION SERVICE CO.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO CAPDEVIELLE, etc., et al., <br><br> Plaintiffs, <br><br> vs. <br><br> GOLDEN WEST SAVINGS ASSOCIATION SERVICE CO., etc., et al., <br><br> Defendants. | 08-CV-0754-LAB <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF WORLD SAVINGS BANK, FSB and GOLDEN WEST SAVINGS ASSOCIATION SERVICE COMPANY TO DISMISS COMPLAINT <br> FRCP Rule 12(b)(6) <br><br> Hearing Date: July 7, 2008 <br> Time: 11:15 a.m. <br> Place: Courtroom 9 |

**MEMORANDUM OF POINTS AND AUTHORITIES**

1. <u>INTRODUCTION</u>

Rule 8(a)(2) of the Federal Rules of Civil Procedure states that a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief". It would be rather difficult to envision a complaint that did more violence to this rule than the complaint in the case at bar. It contains 32 pages of text and 80+ pages of exhibits, the vast

majority of which is totally incomprehensible. It relies on statutes, regulations, editorial opinions and various historical events occurring over the last century that have no apparent connection to defendants or any of plaintiffs' claims. Quite simply, the complaint sets forth no facts that give rise to a claim upon which relief may be granted, and therefore it must be dismissed.

## 2. SUMMARY OF THE COMPLAINT.

The one thing that does appear to be fairly certain from the complaint is that these *pro se* plaintiffs are facing foreclosure of a trust deed on their property (e.g., Complaint, ¶¶22, 24 and 25, and Exhibit B) and they want to stop the foreclosure (e.g., Complaint, ¶121). Beyond those inferences, however, the complaint is a mishmash of bizarre commentary that defies rational analysis. In Complaint, ¶¶1-41, plaintiffs refer to numerous legal concepts and authorities and at least inferentially are asserting that defendants somehow are in violation thereof. Plaintiffs then attempt to set forth six purported causes of action (Declaratory Judgment, Injunctive Relief, Accounting, Cancellation of Instruments, Claim in Recoupment, and Quiet Title) based upon those concepts, but with one potential exception discussed below, none of these causes allege a legally sufficient ground for granting plaintiffs any relief, be that halting the foreclosure process, an accounting, or any of the other myriad forms of relief which may be sought by plaintiffs.

## 3. PLAINTIFFS HAVE STATED NO CLAIM UPON WHICH RELIEF CAN BE GRANTED

For purposes of Federal Rule of Civil Procedure 12(b)(6), a claim means a set of facts which, if established, gives rise to one or more enforceable legal rights. *Goldstein v. North Jersey Trust Co.*, 39 F.R.D. 363, 366 (S.D.N.Y. 1966). Although the federal rules of pleading are liberal, the plaintiff must still allege a cognizable legal theory and facts sufficient to support such a theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

Here, the plaintiffs have pleaded almost no facts, and to the extent any facts have been alleged they are legally insufficient. Rather, plaintiffs appear to mount a general attack upon the laws governing real estate financing without alleging any factual or legal connection between those laws and any legally cognizable theory which would entitle them to any sort of relief. As a result, they have not stated a claim upon which relief may be granted.

### 4. WITH ONE EXCEPTION, PLAINTIFFS' CLAIMS AGAINST WORLD SAVINGS ARE ALL PREEMPTED BY HOLA.

A wide range of legal matters, including claims regarding the origination of home loans by federally chartered savings banks, are governed by Federal law; in particular, the Home Owners' Loan Act, 12 U.S.C. §1461 *et seq.* ("HOLA") and the regulations promulgated thereunder by the Office of Thrift Supervision. Pursuant to HOLA: "…OTS hereby occupies the entire field of lending regulation for federal savings associations … Accordingly, federal savings associations may extend credit as authorized under federal law, including this part, without regard to state laws purporting to regulate or otherwise affect their credit activities…" 12 C.F.R.§560.2. As a recent California case stated:

"Thus, the federal regulation is intended to preempt all state laws purporting to regulate any aspect of the lending operations of a federally chartered savings association, whether or not OTS has adopted a regulation governing the precise subject of the state provision." *Lopez v. World Savings and Loan Association*, 105 Cal.App. 4th 729, 738 (2003).

Just a few months ago, the Ninth Circuit affirmed this broad preemption principle in *Silvas v. E*Trade Mortgage Corporation*, 514 F.3d 1001 (9th Cir., January 2008).

The "state law" that is preempted by HOLA includes "any state statute, regulation, ruling, order or judicial decision." 12 C.F.R. §560.2(c). Among the

1  "state laws" preempted by HOLA are those relating to "(4) the terms of credit, including amortization of loans…(10) Processing, origination (of) mortgages." 12 C.F.R. §560.2(b)(4)(10).

Case law over the years has cast a wide net over claims preempted by HOLA. In *Bank of Am. v. City & County of S.F.*, 309 F.3d 551 (9th Cir. 2002) the court held: "[S]ince the passage of the HOLA in 1933, OTS regulations have governed the 'powers and operations of every federal savings and loan association from its cradle to its corporate grave.'" *Id.* at 558. The Supreme Court has noted that, "[i]t would have been difficult for Congress to give the [OTS] a broader mandate." *Fidelity Federal Sav. & Loan Assn. v. De la Cuesta*, 458 U.S. 141, 159-160 (1982).

Plaintiffs make reference to many state law concepts, such as "usury in violation of the California constitution" (Complaint, ¶¶16 and 23), "failure to validate the debt" (Complaint, ¶27), "selling(?) unlawful securities in violation of the California Financial Code" (Complaint, ¶37) and various provisions of the California Commercial Code (Complaint, ¶54). Although it is by no means clear just how defendants did anything that would place them in violation of any of these laws, these claims are clearly subject to the HOLA preemption because they relate to the "origination", "terms of credit" and "processing" of the loans and bring the claims directly within the scope of HOLA preemption.[1]

That claims challenging the manner in which a federal savings bank processed a loan application are preempted by HOLA was confirmed in *Haehl v. Washington Mut. Bank, F.A.*, 277 F.Supp.2d 933, 940 (S.D. Ind. 2003). There, the court noted that the OTS regulations preempt "any state statute or judicial decision purporting to regulate . . . the processing and servicing of mortgages, or

---

[1] At the time the loan was issued World Savings was known as World Savings Bank, FSB. It is now Wachovia Mortgage, FSB. (Request for Judicial Notice Documents 1 and 2). Thus, at all relevant times it has been a federal savings bank falling within the scope of HOLA.

any state statute or judicial decision that has more than an incidental effect on the lending operations of federal savings associations". Thus, most of the laws and regulations cited by plaintiffs simply do not apply to World Savings because they are preempted by HOLA.

### 5. GOLDEN WEST HAS NO LIABILITY TO PLAINTIFFS

Although again the capacities of the two defendants are not clearly alleged, it is apparent from Exhibit B to the complaint that Golden West Savings Association Service Co. is merely the trustee under the deed of trust which is apparently in the foreclosure process. As such, all of its conduct in conducting the foreclosure process is privileged as a matter of law by Civil Code §2924(d)(2).

### 6. PLAINTIFFS' APPARENT CLAIM UNDER THE FAIR DEBT COLLECTION PRACTICES ACT FAILS AS A MATTER OF LAW

The one claim made by plaintiffs that *might* have some superficial relevance concerns the effect of the Fair Debt Collection Practices Act, 15 U.S.C. §1692. According to Complaint, ¶41, and Exhibit C, plaintiffs (through some purported attorney in fact) made demand upon both World Savings and Golden West for "validation of the debt". The difficulty here is that by the terms of the statute, both World Savings and Golden West are exempt from any requirement to comply with any provisions of that act. Insofar as World Savings is concerned, it is the originator of the debt and is trying to collect a debt owed to it. Therefore, it is exempt from the act under 15 U.S.C. §1692a(6)(A) because it is not a "debt collector" within the meaning of the act. *Thomasson v. Bank One, Louisiana, N.A.*, 137 F.Supp.2d 721, 724 (E.D.La. 2001). With regard to Golden West, by effecting a nonjudicial foreclosure in its capacity as trustee under a deed of trust, it is not engaging in "debt collection activities" within the meaning of the act. *Hulse v. Ocwen Fed'l Bank, FSB*, 195 F.Supp.2d 1188, 1204 (D.Or. 2002).

/ / /

/ / /

## 7. CONCLUSION

This complaint just does not state any claim upon which relief may be granted and should be dismissed. Alternatively, plaintiffs must be ordered to provide a more definite statement of whatever claim it is they are making.

Dated: May 5, 2008

ANGLIN, FLEWELLING, RASMUSSEN,
CAMPBELL & TRYTTEN LLP

By: _____
Christopher A. Carr
ccarr@afrct.com
Attorneys for Defendant WORLD
SAVINGS BANK, FSB and
GOLDEN WEST SAVINGS
ASSOCIATION SERVICE CO.