1  Mark T. Flewelling (#96465)
   mflewelling@afrct.com
2  Christopher A. Carr (#44444)
   ccarr@afrct.com
3  ANGLIN, FLEWELLING, RASMUSSEN
     CAMPBELL & TRYTTEN, LLP
4  199 South Los Robles Avenue, Suite 600
   Pasadena, CA  91101-2459
5  (626) 535-1900
   (626) 577-7764 (Facsimile)
6
   Attorneys for Defendants WORLD SAVINGS
7  BANK, FSB, renamed and now known as
   WACHOVIA MORTGAGE, FSB, sued as
8  WORLD SAVINGS, INC. and GOLDEN WEST
   SAVINGS ASSOCIATION SERVICE CO.
9

10            UNITED STATES DISTRICT COURT

11          SOUTHERN DISTRICT OF CALIFORNIA

12
   ALEJANDRO CAPDEVIELLE, etc., et  )  08-CV-0754-LAB
13 al.,                             )
                                    )
14            Plaintiffs,           )  RESPONSE TO PLAINTIFFS'
                                    )  "AFFIDAVIT OF DEFAULT"
15     vs.                          )  REGARDING MOTION TO
                                    )  DISMISS COMPLAINT
16 GOLDEN WEST SAVINGS              )
   ASSOCIATION SERVICE CO., etc., et )
17 al.,                             )  Hearing Date:  July 7, 2008
             Defendants.           )     Time:  11:15 a.m.
18                                  )     Place:  Courtroom 9
                                    )
19                                  )
   _____)
20

21        The undersigned, counsel for defendants Golden West Savings Association

22 Service Co. ("Golden West") and World Savings Bank, F.S.B., sued as World

23 Savings, succeeded by and now known as Wachovia Mortgage F.S.B.

24 ("Wachovia"), is in receipt of a document from plaintiffs entitled "Affidavit of

25 Default Against Debt Collector for Unfair Debt Collection Practices Act

26 Violations".  The document bears a proof of service by mail, reflecting a mailing

27 date of June 20, 2008.  However, a check of PACER this date does not reflect the

28 filing of this document with the court, nor has the undersigned received any

1  notice, electronic or otherwise, that the document has in fact been filed with the

2  court.  As a result, so that the court will be fully informed, a copy of the

3  document, *sans* exhibits, is attached as Exhibit 1.  The exhibits are the same as

4  those attached to plaintiffs' complaint; i.e., Exhibit "B" to the complaint is the

5  same as Exhibit "B" to this document, and thus the exhibits are already in the

6  court file.  On the assumption that the court may be inclined to treat that

7  document as an opposition to the pending motion to dismiss, defendants hereby

8  submit this response in lieu of a reply under the local rules.

9        As is pointed out in the memorandum of points and authorities in support of

10  the motion to dismiss, the Fair Debt Collection Practices Act does not apply to

11  either Golden West or Wachovia, and therefore the document filed by plaintiffs,

12  whatever it might be, is simply irrelevant to any issue before the court.  Insofar as

13  Golden West is concerned, its only role was to serve as the trustee under the deed

14  of trust; see Exhibits "B" and "B3" to the complaint.  In that role, it is not

15  engaging in "debt collection activities" within the meaning of the Act.  *Hulse v.*

16  *Ocwen Federal Bank, FSB*, 195 F.Supp.2d 1188, 1204 (D.C.Or. 2002).  As to

17  Wachovia, at 15 U.S.C. §1692a(6)(A), the Act specifically exempts "the

18  originator of the debt that is attempting to collect a debt owed to it" from the

19  definition of a "debt collector" under the Act.  Here, as shown by the exhibits to

20  the Complaint, Wachovia was the original lender on two separate loans to

21  plaintiff; one for $350,000, secured by a senior deed of trust [Complaint, Exhibit

22  B2 at Paragraphs I(C) and I(D)], and one for a line of credit in the amount of

23  $23,500, secured by a junior deed of trust (Complaint, Exhibit B3, first page, last

24  paragraph).  Per Exhibit B to the complaint, Wachovia was the foreclosing

25  beneficiary, and therefore was "the originator of a debt trying to collect a debt

26  owed to it".

27  /////

28  /////

1    Plaintiffs will never be able to assert facts to bring either Wachovia or

2  Golden West within the purview of the Act, and therefore the complaint should be

3  dismissed without leave to amend.

4                                    Respectfully submitted,

5

6  Dated:  June 24, 2008                ANGLIN, FLEWELLING, RASMUSSEN,
                                        CAMPBELL & TRYTTEN LLP
7

8
                                    By:    /s/   Christopher A. Carr
9
                                        Christopher A. Carr
10                                       ccarr@afrct.com
                                        Attorneys for Defendant WORLD
11                                       SAVINGS BANK, FSB and
                                        GOLDEN WEST SAVINGS
12                                       ASSOCIATION SERVICE CO.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

1  Alejandro and Damaris Capdevielle
2  3234 Stockman Street
   National City, California 91950
3  (619) 274-2376

4  ALEJANDRO CAPDEVIELLE and
5   DAMARIS CAPDEVIELLE
   Pro Per CCC 1308
6

7

8

9              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF CALIFORNIA
10

11 | Alejandro Capdevielle, an individual, | ) | Case No. <u>08-CV-0754-LAB</u>
12 | ALEJANDRO CAPDEVIELLE, an alleged | )
   | entity, | )
13 | Damaris Capdevielle, an individual, | ) | PLAINTIFFS' AFFIDAVIT OF DEFAULT
   | DAMARIS CAPDEVIELLE, an alleged | ) | AGAINST DEBT COLLECTOR FOR
14 | entity, | ) | UNFAIR DEBT COLLECTION PRACTICES
   | | ) | ACT VIOLATIONS
15 |                    Plaintiffs, | )
16 |       vs. | ) | DATE: July 7th, 2008
   | | ) | TIME: 11:15 a.m.
17 | GOLDEN WEST SAVINGS ASSOCIATION | ) | DEPT: Courtroom 9
   | SERVICE CO., a California corporation, and | )
18 | | )
19 | WORLD SAVINGS, INC., a California | )
   | corporation, and | )
20 | | )
21 | ALL INDIVIDUALS OR ENTITIES | )
   | CLAIMING ANY LEGAL OR EQUITABLE | )
22 | RIGHT, TITLE, ESTATE, LIEN OR | )
   | INTEREST IN THE PROPERTY | )
23 | DESCRIBED IN THE COMPLAINT | )
   | ADVERSE TO PLAINTIFF'S INTEREST, | )
24 | and all others claiming an interest in the real | )
25 | property known or unknown, DOES and Does | )
   | 1 – 50 inclusive, | )
26 | | )
27 |                    Defendants. | )
   | | )
28

## AFFIDAVIT OF DEFAULT

### Introductory Certification

Alejandro Capdevielle and Damaris Capdevielle, the Undersigned Affiants, hereinafter "Affiants," does hereby solemnly swear, declare, and state as follows:

1.    Affiants are competent to state the matters set forth herewith.

2.    Affiants have personal knowledge of the facts stated herein.

3.    All the facts stated herein are true, correct and complete in accordance with Affiants' best firsthand knowledge and understanding, and if called upon to testify as a witness Affiants shall so state.

### Plain Statement of Facts

4.    On or about February 5th, 2008 Affiants sent Fair Debt Collection Act response inquiry for the alleged debt collector Presentment Attached **Exhibit B** pages one (1) and (2) from defendants, (hereinafter referred to as "Debt Collector") included herein by reference.

5.    In response to the above cited presentment **Exhibit B**, Affiants, as respondent, sent, by Certified Mail Article Number 7007 0710 0004 0412 1106, received by Defendants as respondent's **First Request for Validation** and Information to Validate the alleged DEBT on or about February 11th, 2008, received at Golden West Association Service Co. P.O. Box 34957, San Antonio, Texas 78265-4957 approximately 5:41 a.m. **Exhibit C** pages one (1) through six (6) requested to be notice judiciously E.C. §451, §452 or other appropriate section.

6.  In response to the above cited presentment **Exhibit B**, Affiants, as respondent, sent, by Certified Mail Article Number 7007 0710 0004 0413 0978, received by Defendants as respondent's **Second Request for Validation** and Information to Validate the alleged DEBT on or about February 25, 2008, received at Golden West Association Service Co. P.O. Box 34957, San Antonio, Texas 78265-4957 approximately 6:14 a.m. **Exhibit C** pages seven (7) through twenty-five (25) requested to be notice judiciously E.C. §451, §452 or other appropriate section.

7.  Affiants noticed Debt Collector that Affiants had previously sent Notice to validate the alleged debt as evidenced, and without dishonor, Affiants claim the alleged debt is not valid, disputes the alleged principle defendants claim to have given Affiants as a "loan", and does not take issue with the amount of the alleged debt claimed by defendants.

8.  Noticed Debt Collector must cease all collection activity regarding the alleged account/debt until Affiants are sent the requested certified verification **Exhibit C-2-25** and **Exhibit C-10-25** as required by the *Fair Debt and Collection Practices Act*.

9.  Defendants are attempting to unlawfully and illegally evict Affiants from the real property subject of suit on or about June 19, 2008 by the use of fraud, legal trickery and deceit by organized RICO usurious lending schemes designed by operators, agents, trustees who use the cover of bank entities to disguise the methods of stealing Affiants' equity in the real property.

10. Affiants, without waiver of any defense, and for the purpose of resolving the matter in good faith, filed suit to protect Affiants interest in the real property.

11. Debt Collector was noticed that the offer of foreclosure of the real property subject of dispute, depends upon several factors which includes constitutes Affiants debt, duty, obligation, and liability, including interest and penalties, was made dependent upon performance by Debt Collector of Conditions Precedent concerning which

Affiants/Offerors are entitled by the fundamental principles of American Jurisprudence and law; namely, provision by Debt Collector of certified verification of the alleged debt, accompanied by documentary evidence establishing the factual basis for Debt Collectors right to collect the alleged debt by providing the requisite certified verification, including:

a)  Copies of all agreements of assignment, negotiation, transfer of rights, and the like, and indicating whether Debt Collector is the current owner, assignee, holder, etc., with evidence of Affiants consent with any such agreement if a novation;

b)  All relative commercial instruments, contracts, and the like containing Affiants bona fide signature (subjective theory);

c)  Any evidence of an exchange of a benefit, as well as exchange of a detriment (implied contract);

d)  Any evidence of any series of external acts giving the objective semblance of agreement (objective theory);

e)  All other documentary evidence between Affiants and Debt Collector that Debt Collector relies upon in making Debt Collectors presumptive claim;

f)  Name and address of original creditor; and

g)  A certified copy of any judgment.

12.  Affiants noticed Debt Collector that, in accordance with law as codified at 15 USC § 1692g(b): *"If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains <u>verification</u> of the debt or a copy of a judgment, of the name and address of the original creditor, and a copy of such <u>verification</u> or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector."* (Underline emphasis added by Affiants.)

13.    Affiants expected a response regarding defendant's "Offer" to validate the debt within a reasonable period of time of receipt of "presentment offer", which date was set at fourteen (14) days, not counting day of service.

14.    Affiants did not waive timeliness.  Debt Collector made no request in writing before expiration of said twenty-one (21) day period, as described in **Exhibit C**, requesting an extension of time which would have been considered by Affiants if any such request for extension of time had been received by Affiants.

15.    Affiants noticed Debt Collector that in the event that Debt Collector did not respond regarding Offer within the prescribed time limit for response, and there had been no request for extension of time, with good cause shown therein, within said time period, then Debt Collector tacitly agrees that Debt Collector has no bona fide, lawful, verifiable claim regarding this alleged account, that Debt Collector waives any and all claims against Affiants, and  that Debt Collector tacitly agrees that Debt Collector must compensate Affiants for all costs, fees, and expenses incurred defending against any collection attempts by Debt Collector regarding the alleged account.

16.    Affiants noticed Debt Collector that "verification" is defined (in Black's Law Dictionary, Sixth Edition) as follows: *"Confirmation of correctness, truth, or authenticity, by affidavit, oath, or deposition.  Affidavit of truth of matter stated and object of verification is to assure good faith in averments or statements of party."*

17.    Affiants further noticed Debt Collector that any future communication received by Affiants from Debt Collector, in written as well as any other form, absent the above-cited "verification of the debt," irrespective of the inclusion of any photocopy of any related invoice, statement, bill, summary, agreement, and the like, constitutes Debt Collector's tacit admission, confession and agreement that Debt Collector has no lawful, bona fide, verifiable claim regarding the alleged account/debt.

18.  The "Debt Collector Disclosure Statement" was included with the above cited RPIARD No. AAA-010101-TAR for the purpose of ensuring that Debt Collector's "verification of the debt" is executed in accordance with the law as codified at 15 USC § 1692(g), and was to be completed in full by Debt Collector and received by Affiants within Twenty-one (21) days of Debt Collector's receipt of the RPIARD No. AAA-010101-TAR and enclosures.

19.  The Debt Collector was noticed that the "Debt Collector Disclosure Statement" is not a substitute for, nor the equivalent of, the requested certified verification of the record, i.e. *Confirmation of correctness, truth or authenticity, by affidavit, oath or deposition"* (Black's Law Dictionary, Sixth Edition, 1990), regarding the alleged debt, and must have been completed in accordance with the *Fair Debt Collection Practices Act,* 15 USC § 1692(g), applicable portions of *Truth in Lending* (Regulation Z), 12 CFR 226, and demands as cited in the Offer of Performance.

20.  Debt Collector was noticed that Debt Collector's failure to provide validation of the debt by providing the name and address of the original creditor, the current creditor on the account, and the name and address of the real holder of the original promissory notes and deeds of trust by the date of would result in the default agreement by way of silence that we agree there is <u>February 19th, 2008</u> no valid debt owed to you or anyone else **Exhibit C-1** Proof of Service **Exhibit C-4**.

21.  Affiants also expressly included the "Debt Collector Disclosure Statement", as noted above in statement No. 4, to ensure that Debt Collector clearly and conspicuously made all required disclosures in writing in accordance with applicable portions of *Truth in Lending* (*Regulation Z*) 12 CFR 226 and that the "Debt Collector Disclosure Statement" must be completed by Debt Collector and received by Affiants within twenty-one (21) days of Debt Collectors receipt of the Offer if Debt Collector wished Debt Collectors claim to be considered by Affiants.

22.   Debt Collector was noticed that Debt Collector has a duty to prevent the alleged account from damaging Affiants in any way and that Debt Collector confesses judgment and Affiants reserves the right to (a) Initiate a counterclaim against Debt Collector; (b) File a claim against the bond of any responsible party, including Debt Collector and all principals, agents, trustees, attorneys, and assignees of Debt Collector, whose acts/omissions result in tort damages against Affiants which appears to have taken place by the actions of defendants.

### Default

23.   Debt Collector has failed to provide Affiants full disclosure regarding the nature and cause of Debt Collector's claim concerning the hereinabove-referenced alleged debt by failing to verify the alleged debt in accordance with applicable California and Federal laws.

24.   To this date, Affiants has not received any communication in writing, as required within the meaning of the Far Debt Collection Practices Act regarding Debt Collectors allegations of so-called "debt".

25.   Debt Collector's failure to provide Affiants with the requisite certified verification, validating the alleged debt within the requirements of law as codified in the *Fair Debt Collection Practices Act* and the corresponding laws of California, signifies that Debt Collector has agreed that:

    i.    Debt Collector has no lawful, bona fide, verifiable claim regarding the above referenced alleged account;

    ii.   Debt Collector waives any and all claims against Affiants; and

    iii.  Debt Collector agrees that Debt Collector will compensate Affiants for all costs, fees and expenses incurred in defending against this and any and all continued collection attempts regarding the above referenced alleged account.

    iv.   That defendant agrees that the notice to vacate given to plaintiff is void, voidable,

of no effect or of true legal consequence pursuant but not limited to 15 U.S.C.

1962e False or Misleading Representations, 15 U.S.C. 1692f Unfair Practices

    v.    That Plaintiff has the immediate right to possession of the real property in dispute.

26.    Wherefore, these facts as stated and documented herein by Affiants, declare that Debt Collector voluntarily, by, through and under the rule of "nihil dicit", admits and confesses judgment and estoppel in favor of Affiants in the above referenced matter.

## VERIFICATION

    I, Alejandro Capdevielle, am the plaintiff in this action. I have read the foregoing Affidavit and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe the allegations to be true.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Respectfully submitted,            ALEJANDRO CAPDEVIELLE, UCC 1-308.

Dated: 06/18 2008.    By: _____
                                    Alejandro Capdevielle
                                    All rights, benefits, privileges invoked

<u>VERIFICATION</u>

I, Damaris Capdevielle, am the plaintiff in this action. I have read the foregoing Affidavit and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe the allegations to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Respectfully submitted,                    DAMARIS CAPDEVIELLE, UCC 1-308.

Dated: _06-18_ 2008.          By: 
                                              Damaris Capdevielle
                                              All rights, benefits, privileges invoked

<u>OFFICIAL CALIFORNIA NOTARIAL CERTIFICATE</u>

State of California

County of San Diego                    JURAT

Subscribed and sworn to (or affirmed) before me on this _18TH_ day of _June_, 2008, by _Alejandro Capdevielle and Damaris Capdevielle_ proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

(seal)                                    _Lu McWarts._
                                          Signature of Notary

OFFICIAL SEAL
LUZ MA. LIBERATO
NOTARY PUBLIC-CALIFORNIA
COMM. NO. 1554944
SAN DIEGO COUNTY
MY COMM. EXP. MAR. 23, 2009

---

PLAINTIFFS' AFFIDAVIT OF DEFAULT AGAINST DEBT COLLECTOR
FOR UNFAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS
9.

## CERTIFICATE OF MAILING

State: California        )
County: ~~San Diego~~   ) Affirmed and Attested
        Orange

I, _____Owen Golden_____ am over the age of 18 and not a party to the

within action and live in _Orange_ County California. My mailing address is

_9049 Garfield Ave. #137, Fountain Valley_ , California.

On, _June 20th_ 2008 A.D., I did send by;

Certified mail: _____ return receipt requested  (yes __) (no __)

First Class mail: _____ delivery confirmation  (yes __) (no ✓)

Express mail: _____ Priority mail: _____

The document(s) described as;
1. PLAINTIFFS' AFFIDAVIT OF DEFAULT AGAINST DEBT COLLECTOR FOR
   UNFAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS

And by placing a true copy thereof enclosed in a sealed envelope, fully prepaid, addressed as follows:

1. Attorney of Record for WACHOVIA MORTGAGE and WORLD SAVINGS BANK
   Lane & Phillips
   Robert T. Lane
   8180 E. Kaiser Blvd., Suite 100
   Anaheim, Ca 92808
   Ph: (714) 282-2432; Fax: (714) 282-2434

2. Attorney of Record for WACHOVIA MORTGAGE,  WORLD SAVINGS BANK and GOLDEN WEST
   SAVINGS ASSOCIATION SERVICE CO.
   Anglin, Flewelling, Rasmussen, Campbell, & Trytten, LLP
   199 South Robles Avenue, Suite 600
   Pasadena, Ca. 91101-2459
   Ph: (626) 535-1900; Fax: (626) 577-7764

And by placing in the mail at the location of United States Post Office
_Ida Jean Haxton Station, Huntington Beach_ , California, _92615_ .

I attest and affirm that I did mail the above on the date of _June 20th_, 2008 A.D.

Signature

PLAINTIFFS' AFFIDAVIT OF DEFAULT AGAINST DEBT COLLECTOR
FOR UNFAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS

10.

PROOF OF SERVICE

STATE OF CALIFORNIA    )
                       )ss.
COUNTY OF LOS ANGELES  )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 199 S. Los Robles Avenue, Suite 600, Pasadena, CA 91101.

On June 25, 2008, I served the following document described as:

**RESPONSE TO PLAINTIFFS' "AFFIDAVIT OF DEFAULT" REGARDING MOTION TO DISMISS COMPLAINT**

on the interested parties in this action by placing __ the original _X_ true and correct copies enclosed in a sealed envelope addressed as follows:

Alejandro and Damaris Capdevielle
3234 Stockman Street
National City, CA 91950
(619) 274-2376

*Plaintiffs In Pro Per*

[X]  (BY MAIL) I am readily familiar with the firm's practice of collection and processing correspondence by mailing. Under that same practice it would be deposited with U.S. Postal Service on that same day with postage fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   BY TELECOPIER) By stipulation, I caused such document to be delivered by telecopy transmission to the offices of the addressee.

[ ]   (BY PERSONAL DELIVERY) I delivered such envelope by hand to the addressee.

[ ]   (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ X ]  (FEDERAL) I declare that I am employed in the offices of a member of this Court at whose direction the service was made.

Executed on June 25, 2008, at Pasadena, California.

| Jill Ashley | /s/ Jill Ashley |
|---|---|
| (Print of Type Name) | (Signature of Declarant) |

PROOF OF SERVICE