NUNC PRO TUNC

JUN 2 4 2008

FILED

JUN 2 7 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

VIA FAX

1  Alejandro and Damaris Capdevielle
2  3234 Stockman Street
   National City, California 91950
3  (619) 274-2376

4  ALEJANDRO CAPDEVIELLE and
5   DAMARIS CAPDEVIELLE
   Pro Per CCC 1308

6

7

8                    UNITED STATES DISTRICT COURT
9                    SOUTHERN DISTRICT OF CALIFORNIA

10

11  | Alejandro Capdevielle, an individual, | Case No. 08-CV-0754-LAB |
    | ALEJANDRO CAPDEVIELLE, an alleged | |
12  | entity, | request and |
13  | Damaris Capdevielle, an individual, | PLAINTIFFS' AFFIDAVIT OF DEFAULT |
    | DAMARIS CAPDEVIELLE, an alleged | AGAINST DEBT COLLECTOR FOR |
14  | entity, | UNFAIR DEBT COLLECTION PRACTICES |
    | | ACT VIOLATIONS |
15  | Plaintiffs, | |
16  | vs. | |
    | | DATE: July 7th, 2008 |
17  | GOLDEN WEST SAVINGS ASSOCIATION | TIME: 11:15 a.m. |
18  | SERVICE CO., a California corporation, and | DEPT: Courtroom 9 |
19  | WORLD SAVINGS, INC., a California | |
20  | corporation, and | |
21  | ALL INDIVIDUALS OR ENTITIES | |
    | CLAIMING ANY LEGAL OR EQUITABLE | Complaint filed: March 13th, 2008 |
22  | RIGHT, TITLE, ESTATE, LIEN OR | Dept: 73 |
    | INTEREST IN THE PROPERTY | Judge: Steven R. Denton |
23  | DESCRIBED IN THE COMPLAINT | Case no: 37-2008-00079883-CU-OR-CTL |
24  | ADVERSE TO PLAINTIFF'S INTEREST, | |
    | and all others claiming an interest in the real | |
25  | property known or unknown, DOES and Does | |
26  | 1 – 50 inclusive, | |
27  | Defendants. | |
28

─────────────────────────────────────────────
PLAINTIFFS' AFFIDAVIT OF DEFAULT AGAINST DEBT COLLECTOR
FOR UNFAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS
1.

# AFFIDAVIT OF DEFAULT

## Introductory Certification

Alejandro Capdevielle and Damaris Capdevielle, the Undersigned Affiants, hereinafter "Affiants," does hereby solemnly swear, declare, and state as follows:

1.  Affiants are competent to state the matters set forth herewith.

2.  Affiants have personal knowledge of the facts stated herein.

3.  All the facts stated herein are true, correct and complete in accordance with Affiants' best firsthand knowledge and understanding, and if called upon to testify as a witness Affiants shall so state.

## Plain Statement of Facts

4.  On or about February 5th, 2008 Affiants sent Fair Debt Collection Act response inquiry for the alleged debt collector Presentment Attached **Exhibit B** pages one (1) and (2) from defendants, (hereinafter referred to as "Debt Collector") included herein by reference.

5.  In response to the above cited presentment **Exhibit B**, Affiants, as respondent, sent, by Certified Mail Article Number 7007 0710 0004 0412 1106, received by Defendants as respondent's **First Request for Validation** and Information to Validate the alleged DEBT on or about February 11th, 2008, received at Golden West Association Service Co. P.O. Box 34957, San Antonio, Texas 78265-4957 approximately 5:41 a.m. **Exhibit C** pages one (1) through six (6) requested to be notice judiciously E.C. §451, §452 or other appropriate section.

6. In response to the above cited presentment **Exhibit B**, Affiants, as respondent, sent, by Certified Mail Article Number 7007 0710 0004 0413 0978, received by Defendants as respondent's **Second Request for Validation** and Information to Validate the alleged DEBT on or about February 25, 2008, received at Golden West Association Service Co. P.O. Box 34957, San Antonio, Texas 78265-4957 approximately 6:14 a.m. **Exhibit C** pages seven (7) through twenty-five (25) requested to be notice judiciously E.C. §451, §452 or other appropriate section.

7. Affiants noticed Debt Collector that Affiants had previously sent Notice to validate the alleged debt as evidenced, and without dishonor, Affiants claim the alleged debt is not valid, disputes the alleged principle defendants claim to have given Affiants as a "loan", and does not take issue with the amount of the alleged debt claimed by defendants.

8. Noticed Debt Collector must cease all collection activity regarding the alleged account/debt until Affiants are sent the requested certified verification **Exhibit C-2-25** and **Exhibit C-10-25** as required by the *Fair Debt and Collection Practices Act*.

9. Defendants are attempting to unlawfully and illegally evict Affiants from the real property subject of suit on or about June 19, 2008 by the use of fraud, legal trickery and deceit by organized RICO usurious lending schemes designed by operators, agents, trustees who use the cover of bank entities to disguise the methods of stealing Affiants' equity in the real property.

10. Affiants, without waiver of any defense, and for the purpose of resolving the matter in good faith, filed suit to protect Affiants interest in the real property.

11. Debt Collector was noticed that the offer of foreclosure of the real property subject of dispute, depends upon several factors which includes constitutes Affiants debt, duty, obligation, and liability, including interest and penalties, was made dependent upon performance by Debt Collector of Conditions Precedent concerning which

Affiants/Offerors are entitled by the fundamental principles of American Jurisprudence and law; namely, provision by Debt Collector of certified verification of the alleged debt, accompanied by documentary evidence establishing the factual basis for Debt Collectors right to collect the alleged debt by providing the requisite certified verification, including:

a)   Copies of all agreements of assignment, negotiation, transfer of rights, and the like, and indicating whether Debt Collector is the current owner, assignee, holder, etc., with evidence of Affiants consent with any such agreement if a novation;

b)   All relative commercial instruments, contracts, and the like containing Affiants bona fide signature (subjective theory);

c)   Any evidence of an exchange of a benefit, as well as exchange of a detriment (implied contract);

d)   Any evidence of any series of external acts giving the objective semblance of agreement (objective theory);

e)   All other documentary evidence between Affiants and Debt Collector that Debt Collector relies upon in making Debt Collectors presumptive claim;

f)   Name and address of original creditor; and

g)   A certified copy of any judgment.

12.   Affiants noticed Debt Collector that, in accordance with law as codified at 15 USC § 1692g(b): *"If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains <u>verification</u> of the debt or a copy of a judgment, of the name and address of the original creditor, and a copy of such <u>verification</u> or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector."* (Underline emphasis added by Affiants.)

---

PLAINTIFFS' AFFIDAVIT OF DEFAULT AGAINST DEBT COLLECTOR
FOR UNFAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS
4.

13.    Affiants expected a response regarding defendant's "Offer" to validate the debt within a reasonable period of time of receipt of "presentment offer", which date was set at fourteen (14) days, not counting day of service.

14.    Affiants did not waive timeliness.  Debt Collector made no request in writing before expiration of said twenty-one (21) day period, as described in **Exhibit C**, requesting an extension of time which would have been considered by Affiants if any such request for extension of time had been received by Affiants.

15.    Affiants noticed Debt Collector that in the event that Debt Collector did not respond regarding Offer within the prescribed time limit for response, and there had been no request for extension of time, with good cause shown therein, within said time period, then Debt Collector tacitly agrees that Debt Collector has no bona fide, lawful, verifiable claim regarding this alleged account, that Debt Collector waives any and all claims against Affiants, and  that Debt Collector tacitly agrees that Debt Collector must compensate Affiants for all costs, fees, and expenses incurred defending against any collection attempts by Debt Collector regarding the alleged account.

16.    Affiants noticed Debt Collector that "verification" is defined (in Black's Law Dictionary, Sixth Edition) as follows: *"Confirmation of correctness, truth, or authenticity, by affidavit, oath, or deposition.  Affidavit of truth of matter stated and object of verification is to assure good faith in averments or statements of party."*

17.    Affiants further noticed Debt Collector that any future communication received by Affiants from Debt Collector, in written as well as any other form, absent the above-cited "verification of the debt," irrespective of the inclusion of any photocopy of any related invoice, statement, bill, summary, agreement, and the like, constitutes Debt Collector's tacit admission, confession and agreement that Debt Collector has no lawful, bona fide, verifiable claim regarding the alleged account/debt.

18. The "Debt Collector Disclosure Statement" was included with the above cited RPIARD No. AAA-010101-TAR for the purpose of ensuring that Debt Collector's "verification of the debt" is executed in accordance with the law as codified at 15 USC § 1692(g), and was to be completed in full by Debt Collector and received by Affiants within Twenty-one (21) days of Debt Collector's receipt of the RPIARD No. AAA-010101-TAR and enclosures.

19. The Debt Collector was noticed that the "Debt Collector Disclosure Statement" is not a substitute for, nor the equivalent of, the requested certified verification of the record, i.e. *Confirmation of correctness, truth or authenticity, by affidavit, oath or deposition"* (Black's Law Dictionary, Sixth Edition, 1990), regarding the alleged debt, and must have been completed in accordance with the *Fair Debt Collection Practices Act,* 15 USC § 1692(g), applicable portions of *Truth in Lending* (Regulation Z), 12 CFR 226, and demands as cited in the Offer of Performance.

20. Debt Collector was noticed that Debt Collector's failure to provide validation of the debt by providing the name and address of the original creditor, the current creditor on the account, and the name and address of the real holder of the original promissory notes and deeds of trust by the date of would result in the default agreement by way of silence that we agree there is <u>February 19th, 2008</u> no valid debt owed to you or anyone else **Exhibit C-1** Proof of Service **Exhibit C-4**.

21. Affiants also expressly included the "Debt Collector Disclosure Statement", as noted above in statement No. 4, to ensure that Debt Collector clearly and conspicuously made all required disclosures in writing in accordance with applicable portions of *Truth in Lending* (*Regulation Z*) 12 CFR 226 and that the "Debt Collector Disclosure Statement" must be completed by Debt Collector and received by Affiants within twenty-one (21) days of Debt Collectors receipt of the Offer if Debt Collector wished Debt Collectors claim to be considered by Affiants.

22.   Debt Collector was noticed that Debt Collector has a duty to prevent the alleged account from damaging Affiants in any way and that Debt Collector confesses judgment and Affiants reserves the right to (a) Initiate a counterclaim against Debt Collector; (b) File a claim against the bond of any responsible party, including Debt Collector and all principals, agents, trustees, attorneys, and assignees of Debt Collector, whose acts/omissions result in tort damages against Affiants which appears to have taken place by the actions of defendants.

**Default**

23.   Debt Collector has failed to provide Affiants full disclosure regarding the nature and cause of Debt Collector's claim concerning the hereinabove-referenced alleged debt by failing to verify the alleged debt in accordance with applicable California and Federal laws.

24.   To this date, Affiants has not received any communication in writing, as required within the meaning of the Far Debt Collection Practices Act regarding Debt Collectors allegations of so-called "debt".

25.   Debt Collector's failure to provide Affiants with the requisite certified verification, validating the alleged debt within the requirements of law as codified in the *Fair Debt Collection Practices Act* and the corresponding laws of California, signifies that Debt Collector has agreed that:

    i.    Debt Collector has no lawful, bona fide, verifiable claim regarding the above referenced alleged account;

    ii.   Debt Collector waives any and all claims against Affiants; and

    iii.  Debt Collector agrees that Debt Collector will compensate Affiants for all costs, fees and expenses incurred in defending against this and any and all continued collection attempts regarding the above referenced alleged account.

    iv.   That defendant agrees that the notice to vacate given to plaintiff is void, voidable,

of no effect or of true legal consequence pursuant but not limited to 15 U.S.C.

1962e False or Misleading Representations, 15 U.S.C. 1692f Unfair Practices

v.      That Plaintiff has the immediate right to possession of the real property in dispute.

26.    Wherefore, these facts as stated and documented herein by Affiants, declare that Debt
        Collector voluntarily, by, through and under the rule of "nihil dicit", admits and
        confesses judgment and estoppel in favor of Affiants in the above referenced matter.


## VERIFICATION

I, Alejandro Capdevielle, am the plaintiff in this action. I have read the foregoing
Affidavit and know the contents thereof. The same is true of my own knowledge, except as to
those matters which are therein stated on information and belief, and, as to those matters, I
believe the allegations to be true.

I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.


Respectfully submitted,                        ALEJANDRO CAPDEVIELLE,  UCC 1-308.

Dated: _06/18_ 2008.            By: _____
                                                Alejandro Capdevielle
                                                All rights, benefits, privileges invoked

VERIFICATION

    I, Damaris Capdevielle, am the plaintiff in this action. I have read the foregoing Affidavit and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe the allegations to be true.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Respectfully submitted,        DAMARIS CAPDEVIELLE,  UCC 1-308.

    Dated: 06-18 2008.    By: _____
                             Damaris Capdevielle
                             All rights, benefits, privileges invoked

OFFICIAL CALIFORNIA NOTARIAL CERTIFICATE

State of California

County of San Diego                JURAT

    Subscribed and sworn to (or affirmed) before me on this __18TH__ day of __June__, 2008, by Alejandro Capdevielle and Damaris Capdevielle proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

(seal)                          _____
                                  Signature of Notary



OFFICIAL SEAL
LUZ MA. LIBERATO
NOTARY PUBLIC-CALIFORNIA
COMM. NO. 1554944
SAN DIEGO COUNTY
MY COMM. EXP. MAR. 23, 2009

## CERTIFICATE OF MAILING

State: California        )
County: San Diego    )  Affirmed and Attested

I, _____ am over the age of 18 and not a party to the

within action and live in _____ County California. My mailing address is

_____, California.

On, _____ 2008 A.D., I did send by;

Certified mail: _____ return receipt requested   (yes __) (no __)

First Class mail: _____ delivery confirmation    (yes __) (no __)

Express mail: _____    Priority mail: _____

The document(s) described as;
1. PLAINTIFFS' AFFIDAVIT OF DEFAULT AGAINST DEBT COLLECTOR FOR
   UNFAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS

   And by placing a true copy thereof enclosed in a sealed envelope, fully prepaid,
addressed as follows:

1. Attorney of Record for WACHOVIA MORTGAGE and WORLD SAVINGS BANK
   Lane & Phillips
   Robert T. Lane
   8180 E. Kaiser Blvd., Suite 100
   Anaheim, Ca 92808
   Ph: (714) 282-2432; Fax: (714) 282-2434

2. Attorney of Record for WACHOVIA MORTGAGE,  WORLD SAVINGS BANK and GOLDEN WEST
   SAVINGS ASSOCIATION SERVICE CO.
   Anglin, Flewelling, Rasmussen, Campbell, & Trytten, LLP
   199 South Robles Avenue, Suite 600
   Pasadena, Ca. 91101-2459
   Ph: (626) 535-1900; Fax: (626) 577-7764

   And by placing in the mail at the location of United States Post Office
_____, California,
_____.

I attest and affirm that I did mail the above on the date of _____, 2008 A.D.

_____
Signature

---

PLAINTIFFS' AFFIDAVIT OF DEFAULT AGAINST DEBT COLLECTOR
FOR UNFAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS
10.