1
2
3
4
5                    **UNITED STATES DISTRICT COURT**
6                    **SOUTHERN DISTRICT OF CALIFORNIA**
7

8  | ALEJANDRO CAPDEVIELLE, an | CASE NO. 08CV0754-LAB (JMA) |

ALEJANDRO CAPDEVIELLE, an
individual; ALEJANDRO CAPDEVIELLE,
an alleged entity; DAMARIS
CAPDEVIELLE, an individual; DAMARIS
CAPDEVIELLE, an alleged entity,

Plaintiffs,

vs.

GOLDEN WEST SAVINGS
ASSOCIATION SERVICE CO., a
California corporation; WORLD
SAVINGS, INC., a California corporation;
ROBERT D. NOWLEN and TERI L.
NOWLEN, alleged entitles; all individual
or entities claiming any legal right, title,
estate, lien or interest in the property
described in the complaint adverse to
plaintiff's interest, and all other claims an
interest in the real property known or
unknown; DOES and Does 1-50,
inclusive,

Defendants.

CASE NO. 08CV0754-LAB (JMA)

**ORDER GRANTING IN PART
DEFENDANTS' MOTION TO
DISMISS AND REMANDING
ACTION TO STATE COURT**

[Dkt No. 3]

This action arises from foreclosure activity against Plaintiffs' real property. Plaintiffs

are proceeding *pro se* with a Verified Complaint ("Complaint") filed March 13, 2008 in San

Diego County Superior Court claiming, *inter alia*, violations of the federal Fair Debt

Collections Practices Act, 15 U.S.C. § 1692 ("FDCPA").[1]  They named as defendants World

Savings Bank, FSB (now known as Wachovia Mortgage FSB) ("World Savings"), Golden

_____

[1]  Plaintiffs attempt to set forth six causes of action, denominated:  Declaratory Judgment;
Injunctive Relief; Accounting; Cancellation of Instruments; Claim in Recoupment; and Quiet Title.

1  West Savings Association Service Co. ("Golden West"), two individuals, and "All Individuals

2  Or Entities Claiming Any Legal Right, Title, Estate, Lien Or Interest In the [Real] Property

3  Described In The Complaint Adverse To Plaintiff's [*sic*] Interest."  On or about April 3, 2008,

4  before they appeared in the action, Plaintiffs voluntarily dismissed the two individuals,

5  leaving only World Savings and Golden West (collectively "Defendants").  Defendants were

6  served on April 1, 2008.  On April 24, 2008, before appearing in the state court action,

7  Defendants removed this action to federal court, asserting federal question jurisdiction

8  pursuant to 28 U.S.C. § 1331, based on Plaintiffs' FDCPA claims.  This matter is before the

9  court on Defendants' Motion To Dismiss for failure to state a claim upon which relief can be

10  granted (FED. R. CIV. P. ("Rule") 12(b)(6)) and, alternatively, for an Order requiring a more

11  definite statement (Rule 12(e)).  Pursuant to Civil Local Rule 7.1(d)(1), the court finds the

12  issues presented appropriate for decision on the papers and without oral argument.

13        Defendants criticize the detailed Complaint as drafted in a manner obscuring the

14  discrete legal claims sought to be asserted.  The Complaint contains numerous references,

15  quotations, and conceptual expositions amounting to opinion and commentary rather than

16  articulating cognizable causes of action.  Defendants characterize it as "incomprehensible"

17  and lacking any basis for the court to grant relief.  Mot. 2:3-5.  As parsed by Defendants, it

18  "does appear to be fairly certain from the complaint . . . that these *pro se* plaintiffs are facing

19  foreclosure of a trust deed on their property (e.g., Complaint ¶¶ 22, 24, and 25, and Exhibit

20  B) and they want to stop the foreclosure (e.g., Complaint ¶ 121)."  Mot. 2:7-10.  Defendants

21  contend "with one potential exception, . . . none of these causes allege[s] a legally sufficient

22  ground for granting plaintiffs any relief, be that halting the foreclosure process, an

23  accounting, or any of the other myriad forms of relief" they may be seeking.  Mot. P&A 2:16-

24  20.  The "one potential exception" they identify is associated with Plaintiffs' scattered

25  allusions in the Complaint to the FDCPA. Defendants demonstrate that theory offers no

26  exception to the absence of any legally sufficient ground for granting Plaintiffs any relief.  If

27  Defendants are correct Plaintiffs cannot state a claim for FDCPA violations against them,

28  then the court finds no ground for federal jurisdiction survives the Motion.

08CV0754

1    In response to the Motion, Plaintiffs filed papers denominated "Plaintiffs' Request And

2  Affidavit Of Default Against Debt Collector For Unfair Debt Collection Practices Act

3  Violations."[2] Dkt No. 5.   The filing attempts a "Plain Statement of Facts" purporting to trace

4  the procedural history of what appears to be communications they initiated with Defendants

5  beginning in February 2008 to obtain "validation and information" regarding "the alleged

6  debt." Dkt No. 5, ¶¶ 4-6.  They characterize Defendants as "debt collectors," they contend

7  "the alleged debt is not valid," and they argue the FDCPA requires debt collectors to cease

8  all collection activity until they send a certified verification of the alleged debt as required by

9  the FDCPA, as Plaintiffs state they had requested.  Dkt No. 5, ¶¶ 7-8.  Plaintiffs represent

10  in their filing responsive to the Motion: "Defendants are attempting to unlawfully and illegally

11  evict [Plaintiffs] from their real property subject of suit on or about June 19, 2008 by the use

12  of fraud, legal trickery and deceit by organized RICO usurious lending schemes designed

13  by operators, agents, trustees who use the cover of bank entities to disguise the methods

14  of stealing [Plaintiffs'] equity in the real property." Dkt No. 5, ¶ 9.  Specifically, Plaintiffs

15  argue Defendants are in "default" of their obligation to provide them with "full disclosure

16  regarding the nature and cause of Debt Collector's claim concerning the . . . alleged debt by

17  failing to verify the alleged debt in accordance with applicable California and Federal laws."

18  Dkt No. 5, ¶ 23.  Plaintiffs' entire argument hinges on the status of these Defendants as

19  "debt collectors."

20    The court construes the "Affidavit" as Plaintiffs' Opposition to the Motion, including

21  their attempt to redress Defendants' criticisms the Complaint is pled in a manner antithetical

22  to the Rule 8 admonition federal pleading standards are satisfied by a "short and plain

23  statement of the claim showing that the pleader is entitled to relief."  Rule 8(a)(b).   In

24  anticipation the court would construe Plaintiffs' filing as their Opposition to the Motion,

25  Defendants filed a Response to the Affidavit *in lieu* of a Reply to Opposition.  Dkt No. 4.  The

26

27        [2]   The court's reading of that filing convinces it the "default" allusion is associated with their
contention Defendants failed to abide by various FDCPA requirements, in particular, that a debt
28  collector cease all collection activity until it has responded to the alleged debtors' demand for a
verification of the debt.  "Default" in the judicial procedure sense of failure to respond to a complaint
clearly does not apply in this case.

1   motion briefing is accordingly complete.  Defendants contend the Affidavit does not and

2   cannot cure the fatal defects in the attempted pleading of FDCPA claims against these

3   Defendants.  They contend that by statutory definition, neither entity's role or conduct falls

4   within the FDCPA's definition of "debt collector" or "debt collection activities," and World

5   Savings/Wachovia is specifically exempt from operation of that statute as "the originator of

6   the debt that is attempting to collect a debt owed to it."  Dkt No. 4, p. 2.

7       The court finds the issue dispositive of the Motion also divests this court of jurisdiction

8   over this dispute.  For purposes of avoiding Rule12(b)(6) dismissal, plaintiffs must allege a

9   set of facts which, if established, gives rise to one or more enforceable legal rights.

10  Goldstein v. North Jersey Trust Co., 39 F.R.D. 363, 366 (S.D.N.Y. 1966).  Even under the

11  liberal pleading standards in federal courts, plaintiffs must still allege a cognizable legal

12  theory and facts sufficient to support the theory.  Balistreri v. Pacifica Police Dept., 901 F.22d

13  696, 699 (9th Cir. 1990).  If the legal theory is predicated on a federal statute, plaintiffs

14  cannot prevail as a matter of law if the named defendants and the conduct alleged to give

15  rise to the cause of action do not fall within the definitions and scope of that law.

16      When determining whether a complaint states a claim, the court accepts all

17  allegations of material fact in the complaint as true and construes them in the light most

18  favorable to the non-moving party.  Cedars-Sinai Medical Center v. National League of

19  Postmasters of U.S., 497 F.3d 972, 975 (9th Cir. 2007).  However, the Court is "not required

20  to accept as true conclusory allegations which are contradicted by documents referred to in

21  the complaint," and does "not . . . necessarily assume the truth of legal conclusions merely

22  because they are cast in the form of factual allegations."  Warren v. Fox Family Worldwide,

23  Inc., 328 F.3d 1136, 1139 (9th Cir. 2003) (citations and quotation marks omitted). As

24  material for purposes of deciding this Motion, Plaintiffs contend Defendants have violated

25  their rights protected by the FDCPA associated with a trust deed lien placed against their

26  property to secure a loan.

27      To state a cause of action under the FDCPA, an essential element is that the named

28  defendants be in fact "debt collectors" as that term is defined in the statute, and be without

08CV0754

1   any statutory exemption from the operation of the codified obligations imposed on debt

2   collection practices.  Normally, in deciding a Motion To Dismiss under Fed. R. Civ. P.

3   12(b)(6), the court does not look beyond the pleading and attachments to the pleading.

4   Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006).  However, the court may take judicial

5   notice of "matters of public record" and of documents necessarily relied on for the statement

6   of a claim.  Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002); United States v. Ritchie, 342

7   F.3d 903, 908 (9th Cir.2003).  The court may also consider matters going to the exercise of

8   its jurisdiction over the parties and subject matter of the dispute giving rise to the litigation.

9   In this case, the court considers the entity status of the named defendants, as substantiated

10  in the Complaint and the Motion exhibits.

11      The Certificate Of Corporate Existence provided as Exhibit 1 to Defendants' Motion

12  substantiates World Savings was chartered under the laws of the United State to transact

13  the business of a Federal savings bank, and as of April 21, 2006 was "operating as a BIF-

14  insured financial institution.  Exhibit 2 to the Motion is a November 19, 2007 letter from the

15  office of Thrift Supervision, Department of the Treasury, confirming World Savings changed

16  its name to Wachovia Mortgage and the location of its home office, but the institution

17  continued to meet the same requirements.  Applying the federal debt collection practices law

18  and definitions to these Defendants, the court concludes neither qualifies as a "debt

19  collector" bound by the procedural standards codified in the FDCPA to protect consumers

20  from unscrupulous or harassing debt collection practices under which Plaintiffs attempt to

21  state their federal claim.

22      The Complaint exhibits and Defendants' Motion briefing substantiate World Savings

23  was the originator of Plaintiffs' debt and is the foreclosing beneficiary trying to collect a debt

24  owed to it under deed of trust recorded to secure the loan.[3]  The FDCPA  expressly exempts

25  _____

26      [3]   "[A]s shown by the exhibits to the Complaint, Wachovia was the original lender on two
    separate loans to plaintiff; one for $350,000, secured by a senior deed of trust [Complaint, Exhibit
27  B2 at Paragraphs I(C) and I(D)] and one for a line of credit in the amount of $23,500, secured by a
    junior deed of trust (Complaint, Exhibit B3, first page, last paragraph).  Per Exhibit B to the complaint,
28  Wachovia was the foreclosing beneficiary, and therefore was 'the originator fo a debt trying to collect
    a debt owed to it.' " Resp. To Affidavit 2:20-26.

1   such loan originators from any requirement they comply with that statute (including but not

2   limited to the requirement that respond to demands for "validation of the debt" from Plaintiffs)

3   because they are not "debt collectors" within the meaning of the statute.  15 U.S.C. §

4   1692a(6)(A);[4] *see* <u>Thomasson v. Bank One, Louisiana, N.A.</u>, 137 F.Supp.2d 721, 723-24

5   (E.D.La 2001).  As such, World Savings can have no FDCPA liability to these Plaintiffs.

6   Golden West's only role appears to be serving as the trustee under the deed of trust.  A

7   trustee under a deed of trust effectuating nonjudicial foreclosures of property in that capacity

8   does not engage in "debt collection activities" within the meaning of the FDCPA.  *See* <u>Hulse</u>

9   <u>v. Ocwen Federal Bank, FSB</u>, 195 F.Supp.2d 1188, 1204 (D.Or. 2002).  As neither of these

10  moving Defendants can be brought within the purview of the FDCPA for the conduct alleged

11  in the Complaint associated with their attempts to foreclose on original debts secured by

12  deeds of trust for which they were the originators and trust beneficiaries, leave to amend the

13  Complaint to attempt to state such a cause of action against either Defendant would be

14  futile, and the FDCPA claims against them are dismissed with prejudice.  The court cannot

15  exercise supplemental or any other theory of jurisdiction over any of the state law claims

16  alleged in the Complaint absent a jurisdictional basis to proceed in federal court.

17        However, not all Plaintiffs' prolix pleading necessarily arises from the alleged FDCPA

18  violations.  Accordingly, although the court finds Plaintiffs have failed to state a claim for

19  FDCPA violations upon which relief can be granted, and the court **GRANTS** the motion to

20  dismiss to the extent (only) that federal statutory basis for their action fails to state a claim,

21  the court expresses no opinion on the merits of any other of Plaintiffs' potential theories of

22  recovery.  While Defendants' argument that all the state law claims alleged in the Complaint

23  are preempted by the federal Home Owners' Loan Act, 12 U.S.C. §§ 1461 *et. seq.* ("HOLA")

24  may be well-taken, this court expresses no opinion on the matter.  The determination

25  whether a case "arises under" federal law is unaffected by matters raised in an answer or

26  a counterclaim.  <u>Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.</u>, 535 U.S. 826,

27

28        [4]  The term "debt collector" does not include: "(A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor."  15 U.S.C. § 1692a(6)(A); *see also* FDCPA 1692a(g)(F)(ii) (codifying an originator exception to the definition of "debt collector").

1    830, n. 2 (2002) (the "well pleaded complaint" rule "has long governed whether a case

2    'arises under' federal law for purposes of § 1331," as well as "whether a case is removable

3    from state to federal court pursuant to 28 U.S.C. § 1441(a)").  A defendant's allegation of

4    federal preemption accordingly does not confer original federal subject matter jurisdiction

5    over a Complaint from the face of which federal subject matter jurisdiction is lacking.

6    Moreover, the court would decline to comb the pleading Defendants describe as "32 pages

7    of text and 80+ pages of exhibits, the vast majority of which is totally incomprehensible" (Mot.

8    P&A 1:28-2:1) to extract possible claims under state law that could be cognizable despite

9    HOLA.  When an alleged claim does not "arise under" federal law, courts do not permit the

10   complaint to be amended to allege some different claim to try to save federal jurisdiction, but

11   rather it must be dismissed.  Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830-31

12   (1989) (defects in the jurisdictional facts themselves, as opposed to an incorrect manner of

13   alleging jurisdiction, cannot be cured by amendment).

14        Applying those principles, no basis for federal subject matter jurisdiction survives this

15   Motion, and further proceedings in this court are thus unauthorized.  These parties must

16   return to the state court from which Defendants removed this action to sort out their

17   remaining disputes.  Defendants may reassert their HOLA defenses, and must seek any

18   other relief such as a more definite statement, there.

19        For all the foregoing reasons,  **IT IS HEREBY ORDERED** the Motion is **GRANTED**

20   **IN PART**, disposing of the federal statutory claims, divesting this court of jurisdiction over the

21   action, and the court accordingly *sua sponte* **REMANDS** the action to state court, terminating

22   this action in its entirety.  **IT IS FURTHER ORDERED** the Motion hearing presently

23   scheduled for July 7, 2008 *off-calendar as moot*.

24        **IT IS SO ORDERED**.

25   DATED:  June 30, 2008

26

27   **HONORABLE LARRY ALAN BURNS**
     United States District Judge

28